UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA BAUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:21-cv-176-MTS |
| | ) | |
| KILOLO KIJAKAZI, *Acting Commissioner of* | ) | |
| *the Social Security Administration*,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of the final decision of Defendant, the Acting Commissioner of Social Security, denying the application of Laura Bauer ("Plaintiff") for Disability Insurance Benefits ("DIB").[2]  In July 2019, Plaintiff applied for DIB under Title II of the Social Security Act, 42 U.S.C. §§ 401–434 (the "Act").  (Tr. 153–163).  Plaintiff alleges disability due to various back issues with an alleged onset date of November 22, 2018.  (Tr. 157, 194).  In July 2020, following a hearing, an Administrative Law Judge ("ALJ") issued her decision finding that Plaintiff was not disabled as defined in the Act.  (Tr. 23–31).  For the following reasons, the Court affirms.

**I.    Standard of Review and Legal Framework**

To be eligible for disability benefits, Plaintiff must prove that she is disabled under the Act. *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically

---

[1] Kilolo Kijakazi is now the Acting Commissioner of SSA.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kijakazi is substituted as the proper defendant.
[2] Section 1383(c)(3) of the Act provides for judicial review of the SSA Commissioner's "final decision."  After the ALJ concluded Plaintiff was not disabled under the Act, (Tr. 23–31), the Appeals Council denied Plaintiff's request for review,  (Tr. 1–5), thus, the ALJ's decision stands as the Commissioner's final decision.

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d).  A claimant will be found to have a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work" but also unable to "engage in any other kind of substantial gainful work which exists in the national economy." *Id.* at § 423(d)(2)(A).

The Social Security Administration has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a). Steps 1–3 require the claimant to prove: (1) she is not currently engaged in substantial gainful activity; (2) she suffers from a severe impairment; and (3) her disability meets or equals a listed impairment.  *Id.* at §§ 404.1520(a)–(d).  If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to Steps 4 and 5.  *Id.* at § 416.920(e).  At this point, the ALJ assesses the claimant's residual functioning capacity ("RFC"), "which is the most a claimant can do despite her limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009); 20 C.F.R. § 404.1545.  The Eighth Circuit has noted that the ALJ must determine a claimant's RFC based on all relevant, credible evidence in the record, including medical records, the observations of treating physicians and others, and the claimant's own description of her symptoms and limitations.  *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005).  At Step 4, the ALJ must determine whether the claimant can return to her past relevant work by comparing the RFC with the physical demands of the claimant's past relevant work.  20 C.F.R. § 404.1520(f).  If the ALJ finds at Step 4 that a claimant can return to past relevant work, the claimant is not disabled. *Id.*

The court's role on judicial review is to decide whether the ALJ's determination is supported by "substantial evidence" on the record as a whole. *Wagner v. Astrue*, 499 F.3d 842,

848 (8th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). In determining whether the evidence is substantial, the Court considers evidence that both supports and detracts from the ALJ's decision. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Even if substantial evidence would have supported an opposite decision or the reviewing court might have reached a different conclusion had it been the finder of fact, the Court must affirm the Commissioner's decision if the record contains substantial evidence to support it. *See McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (explaining that if substantial evidence supports the Commissioner's decision, the court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and even if [the court] may have reached a different outcome"); *Locher v. Sullivan*, 968 F.2d 725, 727 (8th Cir. 1992) (explaining a court may not reverse merely because substantial evidence would have supported an opposite decision). The Eighth Circuit has emphasized repeatedly that a court's review of an ALJ's disability determination is intended to be narrow and that courts should "defer heavily to the findings and conclusions of the Social Security Administration." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (quoting *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001)). Despite this deferential stance, a district court's review must be "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision," *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998), and not merely a "rubber stamp." *Cooper v. Sullivan*, 919 F.2d 1317, 1320 (8th Cir. 1990).

## II.   <u>The ALJ's Decision</u>

The ALJ's decision in this matter conforms to the five-step process outlined above. At Step 1, the ALJ found Plaintiff did not perform substantial gainful activity ("SGA") during the alleged period of disability. (Tr. 25). At Step 2, the ALJ found Plaintiff had a severe impairment

of degenerative disc disease of the lumbar and cervical spine, status-post remote lumbar fusion in 2003. (*Id.*). At Step 3, the ALJ found Plaintiff did *not* have an impairment or combination of impairments that met the severity of a statutorily recognized impairment, mostly because "the record does not contain evidence of sensory loss, motor loss, nor straight leg raise testing results." (Tr. 26). Thus, the ALJ found Plaintiff had the RFC to perform "light work," as defined in 20 C.F.R. § 404.1567(b), with postural, environmental, and physical limitations. (Tr. *Id.*). Plaintiff cannot climb ladders, ropes, or scaffolding and can occasionally climb ramps and stairs. Plaintiff can occasionally stoop, kneel, crouch, and crawl and frequently reach overhead with her bilateral upper extremities. Plaintiff must avoid extreme cold, vibration, and hazards, such as unprotected heights and moving mechanical parts. At Step 4, the ALJ found Plaintiff could return to her past relevant work as a bookkeeper.[3] (Tr. 30). Consequently, the ALJ concluded Plaintiff is not disabled under the Act. (Tr. 31).

## III.   Discussion

The specific issues in this case are (1) whether the ALJ properly evaluated Plaintiff's pain symptoms, (2) whether the ALJ properly evaluated the medical opinion of Dr. Manuel Salinas, and (3) whether substantial evidence supports the ALJ's RFC finding.

### 1.   *The ALJ Properly Evaluated Plaintiff's Credibility*

Plaintiff argues the ALJ improperly evaluated her pain symptoms, asserting that the ALJ only considered two factors: her daily activities and objective medical evidence. However, this argument is not supported by the record. A plain reading of the ALJ's decision shows the ALJ also considered Plaintiff's medication, non-medication treatment, aggravating factors, medical opinions, treatment notes, location/frequency/intensity of pain, and her subjective reports of

---

[3] A "bookkeeper" is classified as a "sedentary" job, defined in part, as a job where "walking and standing are required occasionally." 20 C.F.R. § 404.1567(a).

4

symptoms, including reports of pain. Thus, the ALJ properly evaluated Plaintiff's symptoms in accordance with *Polaski* and applicable regulations. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984); 20 C.F.R. § 404.1529 (analyzing a claimant's credibility with the following factors: (1) the claimant's daily activities; (2) the duration, intensity, and frequency of pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) any functional restrictions); *see also Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019) ("an ALJ need not explicitly discuss each factor").

Moreover, the ALJ's credibility analysis is supported by good reasons and substantial evidence. *Bryant v. Colvin*, 861 F.3d 779, 782–83 (8th Cir. 2017) (explaining the court defers to the ALJ's credibility determination if it is supported by good reasons and substantial evidence). The "credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Pearsall v. Massanari,* 274 F.3d 1211, 1218 (8th Cir. 2001); *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001) ("ALJ is in the best position to determine the credibility").

The ALJ discussed the lack of objective medical evidence, including imaging and physical examinations, to support the severity of Plaintiff's allegedly disabling pain. *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) (explaining the lack of objective medical evidence to support a claimant's complaints is relevant in assessing credibility); 20 C.F.R. § 404.1529(c)(2) (considering objective medical evidence in evaluating intensity and persistence of symptoms). Despite Plaintiff's consistent complaints of pain, the ALJ noted Plaintiff frequently and consistently showed normal motor strength, a normal motor system, a normal sensory system, normal reflexes, and a "grossly" normal gait and stance. The ALJ may discount subjective complaints that are undermined by the medical evidence. *See Schwandt*, 926 F.3d at 1012; *Ellis v. Barnhart*, 392 F.3d

988, 996 (8th Cir. 2005) (discrediting claimant's complaints of disabling pain when "no doctor observed signs consistent with the limited lifestyle claimed by" the claimant).

The ALJ also discussed the effectiveness and conservative nature of Plaintiff's medical treatment—i.e.: oxycodone and ibuprofen for pain relief and physical therapy—when discounting her complaints.  *See Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015) (finding conservative treatment weighs against credibility); *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001) (noting an ALJ may consider a plaintiff's conservative course of treatment as indicative that her symptoms are not disabling).  The ALJ also pointed to an October 2019 note from Plaintiff's neurosurgery specialist stating he did "not recommend surgical intervention on her cervical or lumbar spine" and that "[s]he is to continue with *conservative* measures."  (Tr. 349) (emphasis added).  The ALJ further noted that just after ten physical therapy visits, the physical therapist noted Plaintiff showed improvement, (Tr. 388–89), and two sessions later Plaintiff self-discharged.  (Tr. 381–424); *see also Moore*, 572 F.3d at 525 (upholding ALJ's analysis finding that relief from conservative treatments were inconsistent with allegations of disabling symptoms); *Julin v. Colvin*, 826 F.3d 1082, 1087 (8th Cir. 2016) (failing to follow a recommended course of treatment weighs against credibility); *Mabry*, 815 F.3d at 391–92 ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling."); *Wright v. Colvin*, 789 F.3d 847, 854 (8th Cir. 2015) (refusing to seek out even conservative treatments such as physical therapy is inconsistent with disabling pain).

Finally, the ALJ found Plaintiff was more capable than she alleged based on her daily activities.  The ALJ discussed Plaintiff's daily activities—such as driving, shopping, reading, managing her own finances, performing light household chores and laundry, going out alone, lifting a gallon of milk, talking on the phone, watching television, and doing stretches and exercises

for her neck.  These activities tend to show Plaintiff "is capable of completing simple tasks, leaving her home, and interacting with others on at least a superficial level."  *Julin*, 826 F.3d at 1087; *see also Thomas v. Berryhill*, 881 F.3d 672, 676 (8th Cir. 2018) (reasoning that doing housework, shopping, and driving a car, when necessary, among other things, "showed that [a claimant] could work").

In conclusion, the Court finds the ALJ adequately, if not expressly, applied the *Polaski* factors and other factors, and sufficiently considered Plaintiff's complaints of disabling pain and symptoms; but expressly discredited them for good reasons.  *See Gowell*, 242 F.3d at 796 (explaining the court "will not disturb the decision of an ALJ who considers, but for good cause expressly discredits, a claimant's complaints of disabling pain.").

### 2.  *The ALJ Properly Considered Opinion Evidence*

Plaintiff argues the ALJ improperly evaluated the persuasiveness of Dr. Manuel Salinas's prior administrative medical finding.  *See* 20 C.F.R. § 404.1520c ("How we consider and articulate medical opinions and prior administrative medical findings").  The Court does not agree.  The ALJ considers several factors when evaluating a prior administrative medical finding.  *Id.* at § 404.1520c(c).  Supportability and consistency "are the most important factors" the ALJ considers when determining how persuasive a prior administrative medical finding is, and thus, the regulation requires the ALJ to "explain" how he or she considered those two factors in the decision. *Id.* at § 404.1520c(b).  As to the other factors, the ALJ "may, but [is] *not required to*, explain" the consideration of the other factors.  *Id.* (emphasis added).

In September 2019, Dr. Salinas's—a non-examining state agency physician—concluded Plaintiff was limited to "light work" with environmental and postural limitations.[4]  (Tr. 92–95). The ALJ found Dr. Salinas's conclusions persuasive.  (Tr. 29).  Regarding supportability, the ALJ found Dr. Salinas's conclusions were supported by his analysis of the record.  (*Id.*); *see* 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his . . . prior administrative medical finding(s), the more persuasive the . . . prior administrative medical finding(s) will be.").  In his medical finding, Dr. Salinas's specified the exact medical evidence he used to support his conclusions.  (Tr. 94). Specifically, Dr. Salinas reviewed Plaintiff's activities of daily living, January 2019 lumbar x-ray, February 2019 lumbar MRI, and office visits with Dr. Modh for pain management from December of 2018 through August of 2019.  (Tr. *Id.*).  As to consistency, the ALJ found Dr. Salinas's medical finding "consistent with the record as a whole" including "physical examinations typically documenting a normal gait."  (Tr. 29).  The more consistent a prior administrative medical finding is with the evidence from other medical sources in the record, the more persuasive the medical finding will be.  20 C.F.R. § 404.1520c(c)(2).  Thus, the ALJ properly considered the supportability and consistency factors in accordance with the applicable regulation.  *See Id.* at §§ 404.1520c(b)(2), 404.1520c(c)(1)–(2).  Plaintiff seeks a level of explanation not required by the regulations, especially as Plaintiff points to no "competing" medical opinion or administrative medical finding.  *Id.* at § 404.1520c(b)(3) (requiring discussion of other factors when two or more medical opinions are equally supported and consistent with the record).

---

[4] Dr. Salinas concluded Plaintiff was limited to light work with occasional climbing of ladder/ropes/scaffolds and stooping and that Plaintiff should avoid concentrated exposure to extreme cold and vibration and avoid even moderate exposure to hazards.  (Tr. 92–95).

3. ***The ALJ's RFC Finding is Supported By Substantial Evidence***

Finally, Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ primary relied on Dr. Salinas's opinion, which was completed almost a year prior to the hearing and not based upon the full record.  Indeed, there are certain circumstances where a lapse in time impacts the persuasiveness of a medical opinion.  *See, e.g.*, *Naumann v. Kijakazi*, 4:20-cv-1048-MTS, 2022 WL 670134, at *8 (E.D. Mo. Mar. 7, 2022); *see McCoy*, 648 F.3d at 515 ("the opinion of a non-examining consulting physician is afforded less weight if the consulting physician did not have access to relevant medical records including relevant medical records made after the date of evaluation." (citing *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010)).  But, such is not the case here.

Plaintiff explains Dr. Salinas did not consider records from physical therapy, ongoing visits for pain management, lumbar injections, Dr. Kitchen's evaluation of plaintiff's neck, an October 2019 CT and myelogram of the lumbar spine, and pseudomeningocele1 bilaterally at S1-S2. However, this evidence includes imaging that did not show drastic worsening of Plaintiff's condition,[5] and instead showed largely normal examination findings, improvement from physical therapy, and ongoing conservative treatment.  As such, the Court is not convinced this later evidence would have changed the outcome of Dr. Salinas's conclusion.  Thus, the ALJ properly relied on Dr. Salinas's prior administrative medical finding because he is "highly qualified and [an] expert[] in Social Security disability evaluation."  20 C.F.R. § 404.1513a (requiring ALJ to consider evidence of prior administrative medical findings); *Masterson v. Barnhart*, 363 F.3d 731,

---

[5] CT scan of Plaintiff's lumbar spine on October 23, 2019, showed no loosening of hardware, some anterolisthesis, and mild lateral recess stenosis.  (Tr. 328–29, 349).  As to the physical therapy, the physical therapist noted Plaintiff showed improvement in symptoms after 10 visits and subsequently Plaintiff self-discharged.  (Tr. 381–424, Tr. 388–89).

737–39 (8th Cir. 2004) (holding the ALJ properly relied on the assessments of a non-examining physicians in determining the claimant's physical RFC).

Nonetheless, the ALJ did not solely rely on Dr. Salinas's report in formulating the RFC, which would have been an error. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (explaining courts do not consider the opinions of non-examining, consulting physicians standing alone to be substantial evidence); *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000). The ALJ also relied on several different sources to reach its decision, including treatment notes from Plaintiff's pain management specialist, neurosurgery specialist, and physical therapist. Notably, the ALJ specifically considered and cited the *later* medical evidence, the evidence that was not available to Dr. Salinas at the time of his September 2019 opinion. Based on the *later* medical evidence, the ALJ imposed *greater* limitations in the RFC than Dr. Salinas opined, but still found his conclusion that Plaintiff could perform "light work" consistent with the record as a whole.[6] *Wright*, 789 F.3d at 853 (finding unchanged or mild degenerative changes and normal motor strength in lower extremities do not support disabling pain levels of degenerative disc disease). Thus, the ALJ properly relied on Dr. Salinas's medical opinion, as well as other evidence in the record, when determining Plaintiff's RFC. *Casey v. Astrue*, 503 F.3d 687, 694 (8th Cir. 2007) (finding ALJ did not err in considering a state agency opinion along with the medical evidence as a whole).

## CONCLUSION

For the foregoing reasons, the Court finds that the ALJ's determination is supported by substantial evidence on the record as a whole.

---

[6] In light of the medical evidence supporting the ALJ's determination, the Court does not find that the ALJ substituted his own opinion for those of the medical experts in concluding that Plaintiff retains functional ability for "light work." This is especially true because "[e]ven though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved for the [ALJ]." *Cox*, 495 F.3d at 619–20.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 18th day of April 2022

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE